Joseph K. Bravo, Esq. (SBN: 107646)
**BRAVO & MARGULIES**
901 Market Street, Suite 450
San Francisco, CA 94103
Phone: (415) 512-6700
Fax: (415) 512-6716

Attorney for Plaintiff,
Richele Grumley

UNITED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RICHELE GRUMLEY, an individual, | Case No.: |
| Plaintiffs, | COMPLAINT FOR DAMAGES:<br>(42 U.S.C. Section 1983; Supplemental Claims) |
| vs. | |
| COUNTRA COSTA COUNTY OFFICE OF THE SHERIFF, aka the CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT, SHERIFF'S DEPUTY SMITH, SHERIFF'S DEPUTY LUCERETTA, SHERIFF'S DEPUTY SERGEANT JOHNSON, KAY FONG, aka Kwai Fong Yu, aka Kwai-Fong Fong Yu, aka Kwai Fong Yu. aka Fong Y Kwai; JENG YUAN, aka Jeng-Yuan Yu, aka as Yu Jeng Yuan and Jenguan Jeng Yu, Sr., DOES 1 THROUGH 100 | **(DEMAND FOR JURY TRIAL)** |
| Defendants. | |

**JURISDICTION AND VENUE:**

1.      This action arises under 42 U.S.C. Section 1983. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1331 in that the claims alleged herein arises under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367 to

Complaint for Damages
- 1

hear and determine Plaintiff's state law claims because the state law claims are related to Plaintiffs' federal law claims and arises out of a common nucleus of related facts. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper under 28 U.S.C. Section 1391 in that the claims alleged herein arose within this District.

**INTRADISTRICT ASSIGNMENT:**

3. This action is properly assigned to the OAKLAND Division of the United States District Court for the Northern District of California because the claims as alleged herein arose within the County of Contra Costa.

**THE PARTIES:**

4. Plaintiff ("Plaintiff") Richele Grumley is single woman and a resident of the State of California and Contra Costa County.

5. Defendant Contra Costa County Office of the Sheriff is a legal entity that exists and is empowered by the County of Contra Costa, a legal subdivision of the State of California, with its own chartered, government powers including the power to elect a Contra Costa County Sheriff and manage and operate a division or department within the County of Contra Costa known as the Contra Costa County Office of the Sheriff, a legal entity that employs, manages and supervises duties and actions of deputy sheriffs, who are law enforcement officers.

6. Defendants Deputy Smith, Deputy Luceretta and Deputy Sergeant Johnson are and were at all relevant times, employees of Contra Costa County working in the Contra Costa County Sheriff's Department as deputy sheriffs and are law enforcement officers. Sheriffs' Deputy

Smith, Luceretta and Johnson and the Contra Costa Office of the Sheriff are hereafter referred to collectively as "**Defendants Contra Costa Sheriffs**".

7. Defendant Jeng-Yuan Yu, aka as Yu Jeng Yuan and Jenguan Jeng Yu, Sr., **hereafter "Defendant Jeng Yuan**  and  Kay Fong, aka Kwai Fong Yu, aka Kwai-Fong Fong Yu, aka Kwai Fong Yu. aka Fong Y Kwai, hereafter Defendant Kay Fong,** who resides, on information and belief at 2788 Glauser Dr., San Jose, California 95133, are individuals and were, at all relevant times herein, owner, managers and lessors of the real property located at 3446 Chandler Circle, Bay Point, County of Contra Costa, California, **hereafter "Chandler Circle."** On information and belief, Defendant Kay Fong is the mother of Defendant Jeng Yuan. Defendants Jeng Yuan and Kay Fong are hereafter referred to collectively also as "**Defendants Chandler Circle Owners.**"

8. Plaintiffs are informed and believe, and thereon allege, that all Defendants are responsible in some other manner for the occurrences alleged in this Complaint and that Plaintiffs' damages were legally caused by the conduct of these Defendants.

9. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned within this Complaint, all Defendants, were agents of each other and in doing the things alleged herein were acting within the course and scope of said agency, and that each Defendant has ratified and approved the acts of its agents.

10. Plaintiffs are ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and upon such information and belief allege that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter

set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or violation of constitutional rights, violation of public policy or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

11. In doing the acts alleged herein, Defendants Sheriffs Deputies, and each of them, acted within the course and scope of their employment for Contra Costa County and the Contra Costa County Sheriff's Department In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

12. _____with each of said other Defendants herein.

**STATEMENT OF FACTS:**

13. On August 18, 2014 and prior to that same date, Plaintiff was a tenant, renting a room and living at "Chandler Circle" pursuant to a written month-to-month rental agreement with the Defendant Jeng Yuan.

14. Up until the night of August 18, 2014, Plaintiff had done all things required of her by the rental agreement with Defendant Jeng Yuan and was in peaceful possession of her room at Chandler Circle where she had been residing and living. At no time prior to August 18, 2014 had a notice terminating the possession of Plaintiff or a three-day notice for non-payment of rent been served upon Plaintiff, or, if served, expired. At no time prior to August 18, 2014 had any complaint been filed in any California Court, alleging any causes of action under California Code of Civil Procedure 1161, been served upon Plaintiff, and at no time prior to or on August 18,

2014 had Plaintiff been found guilty or ever was guilty of unlawful detainer for occupying any part of Chandler Circle by any court or judicial body in the State of California. At no time prior to August 18, 2014 and including August 18, 2014 had any writ for possession been issued by the Contra Costa County Superior Court clerk for possession of any part of Chandler Circle as against Plaintiff.

15. In the evening of August 18, 2014, Plaintiff returned home to Chandler Circle and was confronted by Defendant Jeng Yuan about non-payment of August rent. Plaintiff explained to Defendant Jeng Yuan that she had the rent money and attempted to pay it by check.

16. At about 8:00pm Defendant Sheriff's Deputies Smith and Luceretta arrived at Chandler Circle, in the uniform of the Contra Costa County Office of the Sheriff, summoned by a Sec

17. Upon their arrival, Sheriffs Deputies Smith and Luceretta informed Plaintiff that she must vacate Chandler Circle immediately, because she was being evicted by Sheriffs Deputies Smith and Lueratta at that time. Plaintiff was shocked to receive this information since she know of no reason and had no warning of why she would need to leave her residence at Chandler Circle upon orders of law enforcement officers Sheriffs' Deputies Smith and Luceratta, who were in full uniform of the Contra Costa County Office of the Sheriff at the time. When asked by Plaintiff what the basis for her eviction was, Sheriff's Deputy Smith stated that Plaintiff's eviction was based upon a hand-written Three Day Notice to Pay Rent or Quit, that had not even expired. Sheriff's Deputies Smith and Luceratta also heard Defendant Jeng Yuan announce that he would not even accept the rent demanded in the unexpired, Three Day Notice if it were paid that night. No other reason was provided by Deputies Smith and Luceretta as to why Plaintiff was being evicted.

18.     The Three Day Notice to Pay Rent or Quit created by Defendant Jeng Yuan and provided to Plaintiff and Sheriff's Deputies Smith and Lecerrtta on August 18 2014, had never been produced or shown to Plaintiff prior to August 18, 2014, and had never been, and has never been, made the basis of any unlawful detainer lawsuit against Plaintiff. The Three Day Notice to Pay Rent or Quit had also not even expired, meaning that three days had not lapsed since its service upon Plaintiff on August 18, 2004, as required by California Code of Civil Procedure, section 1161 in order for Plaintiff to be considered guilty of unlawful detainer.

19.     While at Chandler Circle, Sheriff's Deputy Smith spoke with Plaintiff's sister, Liz Leppelmeier, who arrived at Chandler Circle, at the request of Plaintiff. During the course of this phone conversation with Sheriff's Deputy Smith, Lis Lepelmeier called a friend and witness named Austin Pedrelli, a paralegal familiar with landlord tenant law. Liz Lepelmeier and Austin Pedrelli spoke on a cell phone, with Sheriff's Deputy Smith and explained to Deputy Sheriff Smith that Plaintiff's eviction by Sheriff's Deputy Smith was illegal because no writ of possession or any eviction lawsuit existed to justify her eviction that night by Sheriffs' Deputies Smith and Luceretta.

20.     In response to the statements made to him that Plaintiff's eviction was unlawful to the statements made to Sheriffs' Deputies Smith and Luceretta, Sheriffs' Deputy Smith admitted that he had spoken with his supervisor, Sheriff Deputy Sergeant Johnson, earlier that evening about the lawfulness of Plaintiff's eviction, which conversation between Sherriff's Deputy Smith and Deputy Sheriff Johnson was observed by Plaintiff, in the course of her own explanation to Deputy Sheriff Smith that there was no reason to evict her because she could pay the money demanded in the Three Day Notice presented to her on August 18, 2014.

21.     On August 18, 2014, while still at Chandler Circle and after being informed by Plaintiff in person and Liz Lepelmeier and Austin Pedrelli by phone that Plaintiffs eviction was not legal and why, Sheriff's Deputy Smith admitted that he knew his eviction of Plaintiff was not legal, that he had discussed the illegality with Sergeant Johnson, but that Sergeant Johnson continued to instruct him to carry out the eviction. As for Sheriff's Deputy Luceretta, he was also the recipient of the information provided by Plaintiff, and Sheriff's Deputy Luceretta discussed the information provided to him by Sheriff's Deputy Smith and he concurred with the eviction of Plaintiff. Accordingly, Sheriffs' Deputies Smith, Luceretta and Johnson, that is Defendants Contra Cost County Sheriffs, knew that they were acting unlawfully and thereby intentionally acted unlawfully when they were evicting or causing the eviction of Plaintiff from Chandler Circle the night of August 18, 2014.

22.     Prior to being evicted by Defendants Contra Costa County Sheriffs, Deputy Sheriff's Smith, Luceretta and Johnson, Plaintiff offered to pay the rent demanded in the Three Day Notice to Pay Rent or Quit, which she was entitled to pay and remain in occupancy of Chandler Circle and thereby avoid being found guilty of unlawful detainer in any court proceeding and thereby prevent her eviction, but Sheriff's Deputy Smith and Luceretta, acting on instructions from Sheriff's Deputy Sergeant, refused to permit her to stay, even after she offered to pay the money demanded in the unexpired Three Day Notice to Pay Rent of Quit as was her right under California Code of Civil Procedure 1161.

23.     At 1030pm. on August 18, 2014, Plaintiff was ordered out and was forced out by Sheriffs' Deputies Smith and Luceretta from Chandler Circle.

24.     The Office of the Sheriff of the County of Contra Costa, Civil Unit, has published notifications that evictions in Bay Point, where Chandler Circle is located, are conducted on

Tuesdays, but August 18, 2014, the day on which Plaintiff was wrongfully evicted, was a Monday. This schedule is known to Defendants Contra Costa Sheriffs who knew that the normal and regular procedure for evictions was on Tuesday, during the day, not on Mondays at night at 1030pm, accordingly Defendants Contra Costa Sheriff's knew that their eviction of Plaintiff on August 18, 2014 did not even follow standard Sheriff's Office procedures of which they were knowledgeable, a further indication of their intentional conduct in violating Plaintiff's right to due process.

25. As further facts indicating the intent of Defendants Contra Costa Sheriffs to deny Plaintiff the due process she was entitled to as a tenant in the State of California, Defendants and each of them could observe that the Three Day Notice to Pay Rent or Quit that had been served on Plaintiff on August 18, 2014 had not even expired and that Plaintiff was still entitled to three days to pay the demanded rent without being guilty of unlawful detainer, yet when Plaintiff asked if she could pay the rent that night so as to stay in possession and avoid being evicted by Defendants Contra Costa Sheriff's, her request was denied.

26. The Office of the Sheriff of the County of Contra Costa publishes its own procedures for eviction and those procedures state that evictions must be preceded by a five-day notice of eviction, issued by the Sheriff's Office of the County of Contra Costa to the person to be evicted. Defendants Contra Costa Sheriffs knew that such a five-day notice had never been served or provided to Plaintiff. Defendants Contra Costa Sheriffs and were aware that they could have confirmed with their own Sheriff's Office records to see if such a five day notice to Plaintiff had ever been issued, but instead, Defendants Contra Costa Sheriffs ignored what they knew was standard required policy of the Contra Costa County Sheriff's Office and evicted Plaintiff knowing that no such five day notice had never been issued or served by the Office of the Contra

Costa County, all of which knowledge by Defendants Contra Costa Sheriffs evidences that Defendants Contra Costa Sheriffs intentionally acted to deprive Plaintiff of her due process rights afforded her under the 14th Amendment of the United States Constitution and California Code of Civil Procedure 1161.

27. Defendants Contra Costa Sheriffs' conduct and actions shocks the conscious and offends the community's sense of fair play and decency when such conduct causes a single woman to be evicted at 10pm at night without notice or warning or due process known to be required by law by Defendant Contra Costa Sheriffs.

28. As a consequence of her eviction from Chandler Circle on August 18, 2014, Plaintiff suffered great emotional distress, the loss of the use of a rental unit that she was lawfully occupying, and her personal possessions and costs associated with finding another place to relocate to.

29. Defendants Contra Costa Sheriffs acts, as alleged hereinabove, were undertaken with intent and reckless disregard or callous indifference to Plaintiff's rights thereby entitling Plaintiff to punitive damages against Deputy Sheriffs Smith, Luceretta and Sergeant Johnson, the Defendants Contra Costa Sheriffs.

30. Such conduct of Defendants Contra Costa Sheriffs, as hereinabove alleged shocks the conscious and offends the community's sense of fair play an decency since it means that any time, without legal authority or due process, a law enforcement officer, acting under color of law or apparent color of law may force a person out of their home, in the middle of the night without notice or warning and, of course, constitutional due process, despite the fact that the law enforcement officers, as in this case, knew that forcing a person out of their home was unlawful and not permitted by any law.

**CLAIMS FOR RELIEF:**

# FIRST CLAIM FOR RELIEF
## 42 U.S.C. §1983 – DEPRIVATION OF PROPERTY RIGHTS WITHOUT DUE PROCESS
### Against Defendants Contra Costa Sheriffs and Office of the Sheriff of Contra Costa County

31. Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 29 of this Complaint.

32. In doing the acts complained of herein, Defendants and each of them, individually and/or while acting in concert with one another, did intentionally act under color of state law, or apparent color of law, to deprive Plaintiff, of certain constitutionally protected rights, including, but not limited to, no deprivation of property without due process, that property being her rented portion of Chandler Circle, and that due process being the protections afforded by the 14th Amendment of the United States Constitution and California law, including but not limited to California Code of Civil Procedure, section 1161, thereby subjecting themselves to suit under 42 USC 1983 because such deprivation of property rights was done under color of law, or apparent color of law, by uniformed deputies of the Office of the Sheriff of Contra Costa County and under the pretext that they were enforcing a Three Day Notice for Non-Payment of Rent that had never expired. As a result, Plaintiff suffered economic and non-economic damages, all according to proof.

33. Plaintiff is informed and believes and thereon alleges that the conduct of each Defendants, as alleged herein, was intentional, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of the Plaintiff. As a result, Plaintiff is entitled to an award of punitive and exemplary damages against Defendants Contra Costa Sheriffs and each of them, in amounts to be determined according to proof.

34. Plaintiff is entitled to an award of attorney's fees under 42 USC section 1983

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1
Defendants Contra Costa Sheriffs and the Contra Costa County Office of the Sheriff

35. Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 33 of this Complaint.

36. By the foregoing acts, Defendants Contra Costa Sheriffs and the Contra Costa County Office of the Sheriff, interfered or attempted to interfere, by means of intimidation or coercion, with Plaintiff's enjoyment of rights secured by the United States Constitution, including the 14th Amendment and California Code of Civil Procedure, section 1161, which acts were also, and alternatively, undertaken pursuant to an agreement or conspiracy to commit the wrongful acts of depriving Plaintiff's aforementioned Constitutional rights, and did act in concert to, according to a mutual understanding, to deprive Plaintiff of her aforementioned rights; and one of more of the Defendants did, in fact, and in furtherance of the conspiracy among them, deprive Plaintiff of her aforementioned acts, thereby causing her injury and damages.

37. As a proximate result of the wrongful acts of Defendants Contra Costa Sheriffs and the Contra Costa County Office of the Sheriff, Plaintiff suffered economic and non-economic damages in an amount to be proven at trial.

38. The acts of Defendants were willful, wanton, malicious and oppressive and were done in reckless disregard of Plaintiff's rights and justify an award of punitive damages.

39. Pursuant to California Code of Civil Procedure, section 52.1, Plaintiff is entitled to an award of attorney's fees

40. Plaintiff timely filed a Government Claim with the County of Contra Costa, pursuant to Government Code section 910 prior to filing this lawsuit.

### THIRD CLAIM FOR RELIEF
FORCIBLE ENTRY CIVIL CALIFORNIA CIVIL CODE 1159
(AGAINST ALL DEFENDANTS)

41. Plaintiff incorporates into this claim for relief the allegations contained in paragraphs 1 through 39 of this Complaint as if the same were set out at full herein.

42. Defendants and each of them violated Civil Code section 1159 in that each of them entered into Chandler Circle, either directly or through representatives or subordinates or agents, and turned Plaintiff out of Chandler Circle by force, threats and/or menacing conduct, either directly or through representatives or subordinates or agents.

43. Turning out Plaintiff from Chandler Circle by force, threats or menacing conduct, was also, alternatively, undertaken pursuant to an agreement or conspiracy to commit the wrongful acts of turning Plaintiff out by force, threats or menacing conduct; and Defendants did act in concert, according to a mutual understanding, to deprive Plaintiff of her aforementioned right. One or more of the Defendants did, in fact, and in furtherance of the conspiracy among them, turn plaintiff out of by force, threats, or menacing conduct and deprive Plaintiff of lawful tenancy at Chandler Circle, thereby causing her injury and damages.

44. As a proximate result of the wrongful acts of Plaintiff suffered economic and non-economic damages in an amount to be proven at trial

45. The acts of Defendants were willful, wanton, malicious and oppressive and were done in reckless disregard of Plaintiff's rights and justify an award of punitive damages.

### STATEMENT OF DAMAGES:

Plaintiffs incorporate by reference and re-allege herein Paragraphs 1 through 44 of this Complaint.

46. As a result of the acts and/or omissions of Defendants, and each of them, as alleged herein, Plaintiffs and/or each of them suffered damages, including, but not limited to:

a) General damages, including, but not limited to, past, present and future damages for pain, suffering, emotional distress and/or loss of liberty in amounts to be determined according to proof;

b. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions of the individual Defendants and/or each of them, as alleged herein were intentional, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of the Plaintiffs. Accordingly, Plaintiffs pray for an award of punitive and exemplary damages in amounts to be determined according to proof.

c. Plaintiffs will also be entitled to an award of attorneys' fees and costs pursuant to statute(s) in the event that they are prevailing parties in this action under 42 U.S.C. Section 1983 and California Civil Code section 52.1.

**COMPLIANCE WITH GOVERNMENT TORT CLAIM REQUIREMENT:**

47. Prior to commencing this litigation, Plaintiffs presented a timely Tort Claims to the County of Contra Costa and Contra Costa County Office of the Sheriff pursuant to the California Tort Claims Act. Said Claims were rejected within six months of the filing of this Complaint.

**JURY TRIAL DEMAND:**

48. Plaintiff hereby demands a jury trial.

**PRAYER:**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

General damages in amounts to be determined according to proof;

Special damages in amounts to be determined according to proof;

Attorneys' fees pursuant to statutes;

Costs of suit;

Punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

For pre and post judgment interest as permitted by law;

For such other and further relief as the Court may deem just and proper.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS:**

49.    Pursuant to Civil L.R. 3 – 16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: January 30, 2015

                                                **Bravo & Margulies**

By: _____
Joseph K. Bravo,
Attorney for Plaintiff,
Richele Grumley